IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

  -vs-                                               CRIMINAL No. 99-0380 LH
                                                            CRIMINAL No. 99-0381 LH

TONY JACKSON,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

On November 1, 2010, Defendant Tony Jackson filed an "Action Pursuant to Amendment I of the Constitution of the United States of America (1798) 'Right to Petition Government for Redress of Grievances'" (Doc. 95), which this Court has construed as a motion to reconsider his sentence.  The Court, having reviewed the motion, the applicable law, and otherwise being fully advised, finds that the motion should be denied for lack of jurisdiction.

On April 8, 1999, the Government brought two criminal cases against Defendant, which were consolidated.  (*See* Order (Doc. 94) at 1.)  On September 21, 2000, Defendant pleaded guilty in CR 99-0381 LH to Count 2, possession with intent to distribute cocaine base.  (*Id.*)  On February 1, 2001, the Court sentenced Defendant as a career offender, pursuant to U.S.S.G. § 4B1.1, to 262 months imprisonment.  (*Id.*)  On June 17, 2008, Defendant filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  (*Id.*)  This Court denied Defendant's motion to reduce his sentence because he was sentenced as a career offender under U.S.S.G. § 4B1.1, not under the amended Sentencing Guideline provision regarding crack cocaine, U.S.S.G. § 2D1.1.  (*Id.* at 2.) This Court therefore concluded that, because Defendant's original sentence was not based on a

sentencing range that has subsequently been lowered by the Sentencing Commission, the Court lacked jurisdiction to consider the motion. (*Id.*)

The Tenth Circuit, in an unpublished opinion, affirmed this Court's decision for the following reasons:

> Having carefully examined the record on appeal, we agree with counsel's assessment of the identified issue and find it to be wholly frivolous. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.1997). Title 18 U.S.C. § 3582(c)(2) permits a reduction in sentence, however, only for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ."
>
> Although there has been a subsequent lowering of the crack cocaine sentencing ranges, here, crack cocaine played no role in the calculation of Jackson's recommended sentence under the guidelines. Jackson was sentenced pursuant to § 4B1.1's sentencing provisions for career offenders. His sentence was not based on the crack cocaine guidelines. Therefore, Jackson's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In the Tenth Circuit, the crack cocaine guideline amendments do not entitle a defendant originally sentenced under the career offender guideline to resentencing, and the district court has no jurisdiction to consider such a motion.

*United States v. Jackson*, 343 Fed. Appx. 311, 313-14 (10th Cir. Aug. 28, 2009).

Defendant, relying on *United States v. Booker*, 543 U.S. 220 (2005), *Kimbrough v. United States*, 552 U.S. 85 (2007), and *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010), now requests that the Court reconsider his sentence, arguing that the Court inappropriately treated the § 4B1.1 career-offender guideline as mandatory, rather than as a guideline for which it could disagree on policy grounds. (*See* Def.'s Mot. (Doc. 95) at 5-8.) This Court, however, must deny Defendant's motion without consideration of its merits, because it lacks jurisdiction to modify Defendant's sentence.

As the Tenth Circuit noted, a district court does not have inherent authority to modify a

previously imposed sentence; rather, it may do so only pursuant to statutory authorization.  *Jackson*, 343 Fed. Appx. at 313 (quoting *Mendoza*, 118 F.3d at 709).  Title 18 U.S.C. § 3582(c) "allows a court to modify a sentence in only three limited circumstances, including: (1) on motion of the Director of the Bureau of Prisons if special circumstances exist; (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the sentencing range is subsequently lowered by the Sentencing Commission."  *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).  None of these three limited circumstances apply here.  *See id.*  The Tenth Circuit has made clear that the *Booker* line of cases, including *Kimbrough*, does not provide a basis for sentence reduction under § 3582(c).  *See id.*

       **IT IS THEREFORE ORDERED** that Defendant's "Action Pursuant to Amendment I of the Constitution of the United States of America (1798) 'Right to Petition Government for Redress of Grievances" (**Doc. 95**) is **DENIED FOR LACK OF JURISDICTION**.

_____
SENIOR UNITED STATES DISTRICT JUDGE