# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

   -vs-                                        CRIMINAL No. 99-0380 LH
                                                 CRIMINAL No. 99-0381 LH

TONY JACKSON,

       Defendant.

## MEMORANDUM OPINION

**THIS MATTER** comes on for consideration of Defendant's letter to the Court, dated November 22, 2011.  Construing the letter as a Motion to Reduce Sentence, pursuant to the recent retroactive amendment of the Sentencing Guidelines under the Fair Sentencing Act of 2010, the Court finds that it is without jurisdiction to consider Defendant's Motion and it will be denied by a contemporaneously entered Order.

On April 8, 1999, the government brought two criminal cases against Defendant.  Upon the government's motion, the cases subsequently were consolidated and on September 21, 2000, Defendant pleaded guilty in CR 99-0381 LH to Count 2, possession with intent to distribute cocaine base.  On February 1, 2001, the Court sentenced Defendant as a career offender, pursuant to U.S.S.G. § 4B1.1, to 262 months imprisonment.  Defendant moved for a reduction in his term of imprisonment in 2008, under the earlier retroactive amendment to the cocaine base guidelines.  The Court denied that Motion on grounds that Defendant was not sentenced under the amended Sentencing Guideline provision regarding crack cocaine, § 2D1.1.  Rather, the Court found that

because Defendant was sentenced as a career criminal under U.S.S.G. § 4B1.1, his original sentence was not based on a sentencing range that had subsequently been lowered by the Sentencing Commission. The Court, therefore, dismissed the Motion for lack of jurisdiction. (Order (CR 99-0381 LH, Docket No. 94), filed Sept. 24, 2008.) The Tenth Circuit Court of Appeals affirmed this decision:

> In the Tenth Circuit, the crack cocaine guideline amendments do not entitle a defendant originally sentenced under the career offender guideline to resentencing, and the district court has no jurisdiction to consider such a motion. *See* [*United States v.*] *Sharkey,* 543 F.3d [1236,] 1239 [10th Cir. 2008] (noting that "Amendment 706 had no effect on the career offender guidelines in § 4B1.1"); *United States v. Smartt,* 129 F.3d 539, 542 (10th Cir.1997) (concluding that because defendant was sentenced based on a statutory mandatory minimum, not pursuant to the guidelines, a subsequent modification to the marijuana equivalencies in the guidelines did not make the defendant eligible for a reduction in sentence under § 3582(c)(2)); *United States v. Trujeque,* 100 F.3d 869, 871 (10th Cir.1996) (holding that a sentence made pursuant to a Rule 11(e)(1)(c) plea agreement was not "'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,'" and that, therefore, "the district court should have dismissed [defendant's] motion without considering its merits").

*United States v. Jackson*, 343 F. App'x 311, 314 (10th Cir. 2009) (last alteration in original). On November 1, 2010, Defendant filed an "Action Pursuant to Amendment I of the Constitution of the United States of America (1798) 'Right to Petition Government for Redress of Grievances,'" which the Court construed as a motion to reconsider his sentence and also denied for lack of jurisdiction. (Memo. Op. and Order (CR 99-0381 LH, Docket No. 97), filed June 3, 2011.)

Defendant's current Motion suffers the same defect as his earlier motions. Having been sentenced as a career offender, Defendant's original sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and the Court lacks jurisdiction to consider this Motion, and it, too, must be dismissed.

**SENIOR UNITED STATES DISTRICT JUDGE**