## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

  -vs-                                              CRIMINAL No. 99-0380 LH
                                                           CRIMINAL No. 99-0381 LH

TONY JACKSON,

      Defendant.

## MEMORANDUM OPINION

**THIS MATTER** comes on for consideration of Defendant's Motion Pursuant to 18 U.S.C. § 3582(c)(2), filed February 7, 2012. The Court, having reviewed the Motion, Defendant's Notice Re Supplemental Brief in Support of Mr. Jackson's *Pro Se* Motion Pursuant to 18 U.S.C. § 3582(c) (CR 99-0381, Docket No. 104), filed by appointed counsel on August 21, 2012, and the applicable law, and otherwise being fully advised, finds that it does not have jurisdiction to consider Defendant's Motion and it will be denied by a contemporaneously entered Order.

On April 8, 1999, the government brought two criminal cases against Defendant. Upon the government's motion, the cases subsequently were consolidated and on September 21, 2000, Defendant pleaded guilty in CR 99-0381 LH to Count 2, possession with intent to distribute cocaine base. On February 1, 2001, the Court sentenced Defendant as a career offender, pursuant to U.S.S.G. § 4B1.1, to 262 months imprisonment.

Defendant moved for a reduction in his term of imprisonment in 2008, under the earlier retroactive amendment to the cocaine base guidelines. The Court denied that Motion on grounds that Defendant was not sentenced under the amended Sentencing Guideline provision regarding crack cocaine, § 2D1.1. Rather, the Court found that because Defendant was sentenced as a career criminal under U.S.S.G. § 4B1.1, his original sentence was not based on a sentencing range that had subsequently been lowered by the Sentencing Commission. Therefore, the Court dismissed the Motion for lack of jurisdiction. Order (CR 99-0381 LH, Docket No. 94), filed Sept. 24, 2008.

The Tenth Circuit Court of Appeals affirmed this decision:

> Here, Jackson's counsel identifies one potential basis for appeal: whether Jackson was entitled to relief under 18 U.S.C. § 3582(c)(2). Counsel has candidly admitted, however, that in his view there is no reasonable ground for this potential basis for appeal.
>
> Having carefully examined the record on appeal, we agree with counsel's assessment of the identified issue and find it to be wholly frivolous. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir.1997). Title 18 U.S.C. § 3582(c)(2) permits a reduction in sentence, however, only for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ."
>
> Although there has been a subsequent lowering of the crack cocaine sentencing ranges, here, crack cocaine played no role in the calculation of Jackson's recommended sentence under the guidelines. Jackson was sentenced pursuant to § 4B1.1's sentencing provisions for career offenders. His sentence was not based on the crack cocaine guidelines. Therefore, Jackson's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In the Tenth Circuit, the crack cocaine guideline amendments do not entitle a defendant originally sentenced under the career offender guideline to resentencing, and the district court has no jurisdiction to consider such a motion. *See* [*United States v.*] *Sharkey*, 543 F.3d at 1239 (noting that "Amendment 706 had no effect on the career offender guidelines in § 4B1.1"); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir.1997) (concluding that because defendant was sentenced based on a statutory mandatory minimum, not pursuant to the guidelines, a subsequent modification to the marijuana equivalencies in the guidelines did not make the defendant eligible for a reduction in sentence under

> § 3582(c)(2)); *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir.1996) (holding that a sentence made pursuant to a Rule 11(e)(1)(c) plea agreement was not "'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,'" and that, therefore, "the district court should have dismissed [defendant's] motion without considering its merits").

*United States v. Jackson*, 343 F. App'x 311, 313-14 (10th Cir. 2009) (last alteration in original).

On November 1, 2010, Defendant filed an "Action Pursuant to Amendment I of the Constitution of the United States of America (1798) 'Right to Petition Government for Redress of Grievances,'" which the Court construed as a motion to reconsider his sentence. It also was denied for lack of jurisdiction:

> [A] district court does not have inherent authority to modify a previously imposed sentence; rather, it may do so only pursuant to statutory authorization. Title 18 U.S.C. § 3582(c) allows a court to modify a sentence in on three limited circumstances, including (1) on motion of the Director of the Bureau of Prisons if special circumstances exist; (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the sentencing range is subsequently lowered by the Sentencing Commission. None of these three limited circumstances apply here. The Tenth Circuit has made clear that the *Booker* line of cases, including *Kimbrough*, does not provide a basis for sentence reduction under § 3582(c).

Memo. Op. and Order (CR 99-0381 LH, Docket No. 97), filed June 3, 2011, at 2-3 (internal quotations and citations omitted).

Defendant again petitioned the Court to reduce his sentence on November 29, 2011, pursuant to the more recent crack cocaine guideline amendments. Again, the Court found that it lacked jurisdiction to consider his request. Memo. Op. (CR 99-0381 LH, Docket No. 99) and Order (Docket No. 100), both filed Jan. 10, 2012.

Defendant's current Motion suffers the same defect as his earlier motions. Having been sentenced as a career offender, his original sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and this Court lacks jurisdiction to consider his Motion on the merits. While the Court may commend Defendant for his post-convict

rehabilitation efforts and encourage him to continue the same, his Motion Pursuant to 18 U.S.C. § 3582(c)(2) must be dismissed.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**